UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK DANIEL MUEHLENBEIN,

        Petitioner,

vs.

        Case No. 06-CV-11861
        HON. GEORGE CARAM STEEH

MILLICENT WARREN,

        Respondent.

_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
JULY 10, 2007 REPORT AND RECOMMENDATION (#25),
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY

Erik Muehlenbein, appearing pro se, filed an April 20, 2006 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his August 28, 2002 jury conviction on one count of kidnapping, M.C.L. § 750.349, and two counts of first degree criminal sexual conduct, M.C.L. § 750.520b, and his October 4, 2004 concurrent sentences of 285-720 months imprisonment on each conviction. Muehlenbein's conviction arose from an alleged early morning January 20, 2002 rape of Clarissa Krtizman by Muehlenbein and co-defendants Mohammad Hasan and Ali Tlies. Evidence at trial showed that Krtizman and her friend Jeremiah Kelley were asked to leave a bar because they were too intoxicated, and that Hasan, accompanied by Muehlenbein and Tlies, offered Krtizman and Kelly a ride home. At some point, Hasan stopped the car transporting the five occupants, removed and assaulted Kelly and left him badly injured on the street, then drove Krtizman,

Muehlenbein, and Tlies to his home where the three men repeatedly raped Krtizman. Afterwards, Krtizman was transported to Detroit's Belle Isle Park by the three co-defendants and abandoned.

Muehlenbein's petition was referred to Magistrate Judge Paul J. Komives. On July 10, 2007, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied. Magistrate Judge Komives determined that evidence introduced at trial relative to Hasan's assault of Kelly did not deny Muehlenbein a fundamentally fair trial given its relevance to the full context of the charged crimes of kidnapping and rape, and to Muehlenbein's defense of consent. Magistrate Judge Komives found that, even if the evidence was irrelevant, its admission was harmless in light of other strong and persuasive evidence of Muehlenbein's guilt. Magistrate Judge Komives rejected Muehlenbein's claim of insufficient evidence, finding that the Michigan Court of Appeals could view the evidence in a light most favorable to the prosecution and reasonably conclude that "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." July 10, 2007 Report and Recommendation, at 19 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)). Magistrate Judge Komives also reasoned that the Michigan Court of Appeals' interpretation of state law – that voluntary intoxication is not a defense to a kidnapping charge because kidnapping is not a specific intent crime – was binding on habeas review. Magistrate Judge Komives concluded that Muehlenbein's claim of ineffective assistance of counsel was without merit. Muehlenbein filed timely objections on July 26, 2007.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."

2

28 U.S.C. § 636(b)(1)(C).  See also Fed. R. Civ. P. 72(b).  The court need not address "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument" and such issues are deemed waived.  McPherson v. Kelsey, 125 F.3rd 989, 995 (6th Cir. 1997).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

Muehlenbein objects to the Report and Recommendation arguing there was insufficient evidence before the jury to convict him of kidnapping or first degree criminal sexual conduct.  The Michigan Court of Appeals considered this insufficiency of evidence argument within the context of Muehlenbein's arguments that: (1) the kidnapping charge required proof of specific intent, and the evidence of his voluntary intoxication would likely have resulted in an acquittal had the jury been given a voluntary intoxication instruction; and (2) the sexual assault charge would likely have resulted in an acquittal had the evidence of Hasan's beating of Kelly been properly excluded and had the jury been given the voluntary intoxication instruction.  See People v. Muehlenbein, No. 244712, 2004 WL 1103713, *2 (Mich. App. May 18, 2004), lv denied, 472 Mich. 861 (Mich. 2005).  As reasoned by the Michigan Court of Appeals, see Muehlenbein, 2004 WL 1103713 at *2, the crimes of kidnapping and first degree criminal sexual conduct are general intent crimes in Michigan for which the defense of voluntary intoxication was not available as a defense. See People v. Langworthy, 416 Mich. 630, 638, 645, 331 N.W.2d 171 (1982) (holding that voluntary intoxication is not a defense to general intent crimes, and therefore is not a defense to the general intent crime of first degree criminal sexual conduct); People v. Jaffray, 445 Mich. 287, 298, 519 N.W.2d 108 (1994) (holding that charge of kidnapping premised on the forcible confinement of a person within the state is a general intent crime).

3

The Michigan Court of Appeals' reasoning that Muehlenbein's sufficiency of evidence arguments were without legal merit because voluntary intoxication was not available as is consistent with Michigan Supreme Court precedent and binding on this court on habeas review. Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002).

Muehlenbein's argument that the evidence going to Hasan's beating of Kelly should have been excluded as irrelevant is without merit. State court evidentiary rulings do not support federal habeas relief unless they offend a fundamental principle of justice. Coleman v. Mitchell, 268 F.3rd 417, 439 (6th Cir. 2001). The Michigan Court of Appeals found the evidence was relevant because it "gave the jury an intelligible presentation regarding the full context in which the events took place," and was "part of the res gestae of the crime." Muehlenbein, 2004 WL 1103713 at *1. Evidence admitted for the purpose of showing "a course of conduct" does not offend a fundamental principle of justice. Coleman, 268 F.3rd at 439-40.

Had Muehlenbein advanced a pure insufficiency of evidence argument in his state court appeal, the standard of review, as recognized by the Magistrate Judge, would have required the evidence to be viewed in a light most favorable to the prosecutor in determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Muehlenbein's self-serving presentation of the evidence introduced at trial does not even attempt to meet that standard. The evidence as summarized in the Magistrate Judge's Report and Recommendation contradicts Muehlenbein's argument that his conviction was based on speculation and conjecture and his mere presence at the scene. Krtizman's testimony alone supports a finding that Muehlenbein aided and abetted the forcible confinement of

4

Kritzman within Hasam's home, then raped Kritzman while Hasan and Tlies observed. See Report and Recommendation, at 6-8. Muehlenbein was awake from the time of Kelly's beating at the hands of Hasan. Id. at 7. After standing in the street observing Kelly's body, Muehlenbein returned to the car, traveled with Hasan and Tlies to Hasan's home while Krtizman screamed "over 100 times" to be "let go," went inside the home and observed Hasam punch Kritzman in the mouth when she again asked to go home, then sexually assaulted Kritzman after being told by Hasam that it was "his turn." Id. at 6-7. Any rational trier of fact could have rejected Muehlenbein's testimony that he was asleep and awoke only to have consensual sex with Kritzman, and found the essential elements of kidnapping and first degree criminal sexual conduct beyond a reasonable doubt. Jackson, 443 U.S. at 319.

Muehlenbein's objection that the Magistrate Judge erred in failing to find ineffective assistance of counsel is a one sentence perfunctory statement that he "relies on his Argument contained in his Memorandum of Law that accompanied his Petition for Writ of Habeas Corpus." July 26, 2007 Objections, at 5. The objection is not well taken, and the issue is deemed waived. McPherson, 125 F.3rd at 995.

Muehlenbein's objections are hereby OVERRULED. Accordingly, and consistent with the analysis within,

IT IS ORDERED that Magistrate Judge Paul Komives' July 10, 2007 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Erik Muehlenbein's petition for a writ of habeas corpus is hereby DISMISSED.

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a CERTIFICATE OF APPEALABILITY is hereby DENIED.

SO ORDERED.

Dated: September 20, 2007

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 20, 2007, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---